**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 10 2000**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

WILLIAM HENRY JOHNSON, JR.,

Petitioner-Appellant,

v.

L. L. YOUNG, Warden,

Respondent-Appellee.

No. 99-5124
(D.C. No. 99-CV-42-K)
(N.D. Okla.)

---

**ORDER AND JUDGMENT** *

---

Before **BRORBY** , **PORFILIO** , and **LUCERO** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner pro se William Henry Johnson, Jr., an Oklahoma state prisoner, seeks a certificate of appealability enabling him to challenge the district court's dismissal of his 28 U.S.C. § 2254 petition for writ of habeas corpus. Because Mr. Johnson has failed to make a "substantial showing of the denial of a constitutional right," we deny his request for a certificate of appealability and dismiss his appeal. 28 U.S.C. § 2253(c)(2).

The Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA) establishes a one-year limitations period for federal habeas petitions. The limitations period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A); see also Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998). Time spent pursuing a properly filed application for state post-conviction review, however, is excised from the one-year limitations period. See 28 U.S.C. § 2244(d)(2).

On May 7, 1996, Mr. Johnson plead guilty to a number of crimes, including rape for which he was sentenced to life imprisonment. His guilty plea became final ten days later, on May 17, 1996. He did not file a direct appeal, instead, on April 30, 1997--just seventeen days before his one-year AEDPA limitations period was due to run--he sought to withdraw his guilty plea by way of applications to the trial court for post-conviction relief and for leave to appeal out

of time. The trial court held an evidentiary hearing and, by written order dated October 6, 1997, denied Mr. Johnson relief on both requests. Mr. Johnson timely appealed to the Oklahoma Court of Criminal Appeals on November 10, 1997. That court erroneously dismissed his appeal as untimely on January 16, 1998. Mr. Johnson filed for habeas relief in federal district court on January 14, 1999. Because he had only seventeen days of his one-year AEDPA limitations period remaining when he initiated his state post-conviction proceedings, his federal habeas petition had to be filed by January 31, 1998. Thus, his petition was almost one year late.

The district court, on the magistrate judge's report and recommendation, dismissed Mr. Johnson's petition as untimely under the AEDPA. In addition the district court noted that, while Mr. Johnson asserted a claim of actual innocence, he failed to demonstrate that he diligently pursued his habeas claims and, therefore, equitable tolling of the limitations period was not available under Miller v. Marr, 141 F.3d 976, 978 (10th Cir.), cert. denied, 119 S. Ct. 210 (1998).

On appeal, Mr. Johnson argues that, pursuant to the Supreme Court's decision in Bousley v. United States, 523 U.S. 614 (1998), he should have the opportunity to demonstrate his actual innocence in an evidentiary hearing despite his failure to challenge his plea on direct appeal. Because the petition is not timely under the AEDPA, and his other assertions lack merit for substantially the

same reasons iterated in the district court's thorough and well reasoned memorandum and order dated June 7, 1999, we DENY Mr. Johnson's request for a certificate of appealability and DISMISS his appeal. The mandate shall issue forthwith.

Entered for the Court

John C. Porfilio
Senior Circuit Judge